IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY TROXELL,  )
            Petitioner,  )  No. C 06-7379 TEH (PR)
   v.  )  **ORDER DISMISSING PETITION**
BOB HOREL, Warden,  )
            Respondent.  )
_____ )

      Petitioner, a prisoner of the State of California currently incarcerated at Pelican Bay State Prison in Crescent City, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is directed to the actions of jail officials in seizing some of Petitioner's artwork which was identified as gang-related and for which Petitioner received a "Custodial Counseling Chrono" as a result of a rule violation charge.

      Petitioner's claims do not involve the fact or duration of his confinement, hence they are not the proper subject of a habeas action. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

      The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent,

and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, although the court may construe a habeas petition as a civil rights action, it is not required to do so. Since the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from his or her prisoner account. In view of this, this case will be dismissed without prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above. As such, the Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: 12/19/06

THELTON E. HENDERSON
United States District Judge